LAW OFFICES
# MARK W. CATANZARO
21 GRANT STREET
MOUNT HOLLY, NEW JERSEY 08060
TELEPHONE (609) 261-3400
FACSIMILE (856) 235-4332
Mark@Catanzarolaw.com

MEMBER NEW JERSEY &                    143 WHITE HORSE AVENUE
PENNSYLVANIA BARS                      TRENTON, NEW JERSEY 08610

March 3, 2025

**VIA ECF**

Honorable Christine P. O'Hearn, U.S.D.J.
United States District Court
District of New Jersey
P.O. Box 2797
Camden, New Jersey 08101-2797

       RE:   United States of America v. Zachary Williams
                Criminal No. 22-325(CPO)

Dear Judge O'Hearn:

Please accept this letter memorandum in lieu of a more formal memorandum in reply to the government's submission and in support of Williams motion for a new trial.

The government argues at length that the court may consider factors outside the record of the Faretta colloquy despite recognizing that the Third Circuit definitively stated that the court could not do so. In *United States v. Jones, 452 F.3d 223, 232 (3d Cir. 2006)* the court stated a court may not go outside the Faretta record to determine if a waiver is valid.: The court stated:

> As explained above, we reject the approach of some of our sister Circuits that allows examination of the record as a whole in an attempt to divine what the defendant

Honorable Christine P. O'Hearn, U.S.D.J.
March 3, 2025
Page 2

> understands about the consequences of proceeding pro se. A complete, on-the-record colloquy with the defendant, one that assure she understands all the risks of proceeding without an attorney at the time he makes that choice, is in our view a significantly better way of protecting the right to counsel than the whole-record approach.

In the matter before this court, the government essentially suggests that despite the Circuit saying definitively that a court may not go outside the Faretta record, by doing so in that case, they really did not mean it.  They argue that the Circuit did consider the record when making its decision.  Williams submits that is false logic.  What the court did was simply reaffirm that had they gone outside the Faretta colloquy, the result would have been the same.  That is hardly a repudiation of the definitive statement made.  Furthermore, the court reaffirmed their view that only the colloquy be considered in *United States v. Booker, 684 F.3d 421, 428 (3d 2012)*.  It specifically rejected the government's view noting they rejected the approach of other Circuits that permitted such an examination of the record.  In doing so, the court stated:

> In doing so, we acknowledged that "[a] complete, on-the-record colloquy with the defendant, one that assures he understands all the risks of proceeding without an attorney **at the time he makes the choice**, is in out view a significantly better way of protecting the right to counsel than the whole-record approach." (quoting Jones) (emphasis added).

Honorable Christine P. O'Hearn, U.S.D.J.
March 3, 2025
Page 3

The court went on in that regard:

> Second, the Government's suggestion that the District Court's errors were harmless or otherwise bore no impact on Booker's decision to waive his right to counsel seem to controvert our primary focus regarding the constitutionality of waiver colloquies. ... Because we have been steadfast in requiring district courts to uphold this obligation, we see no reason to engage in an after-the-fact, subjective determination of what information did or did not influence Booker.

The government seeks to undermine the foundations of Third Circuit law by arguing things that are not relevant. They seem to belittle that Williams relies almost exclusively upon *Booker, supra* to support his position. Williams does so because Williams submits that Booker controls the disposition of this motion. At the end of the day, the court said at 429:

> In light of the District Court's failure to state the range of possible punishments, we find that Booker's waiver of counsel was not voluntary and knowing. Because such ineffective waivers are structural errors, and because the right to counsel impacts all of the charges considered at trial, we will vacate the District Court's judgment and sentence on Counts One, Four and Five and will remand the case to the District Court for a new trial.

Booker involved the court providing accurate advice with regard to the punishments for two counts but not for a single count in the three count indictment as to him.

   The government suggests that the court did advise Mr. Williams

Honorable Christine P. O'Hearn, U.S.D.J.
March 3, 2025
Page 4

that he indeed faced life imprisonment because, at the government's suggestion, the court advised him of the potential enhancements had there been prior convictions. Admittedly Williams did not have any prior predicate offenses and voiced that to the court during the colloquy. If you take the government's argument to its logical conclusion, the court should always advise the defendant he could face life imprisonment and then anything less would be a benefit. Clearly that is not the law.

The government cites the non precedential opinion, *McCollister v. Cameron, 535 F. Appx 187 (3d Cir. 2013)* to support their position when they acknowledge it legally has no application. In footnote 2, the government notes the procedural posture of the case and the Circuit's recognition that is was from a State court conviction which would not be controlled by the Third Circuits's view of waiver which they have admitted is different than other Circuit interpretation. They note the Supreme Court has not spoken on omitted information in the confines of a Faretta colloquy. This court is bound by what the Third Circuit has said.

The government argues that if Williams simply did the math, he would see that he was facing 120 years which was more than his natural life. That is irrelevant to the matter before the court because it is not Williams job to figure out what sentence he may receive but that the court advise him of all the appropriate

Honorable Christine P. O'Hearn, U.S.D.J.
March 3, 2025
Page 5

penalties. As the court stated, "It is the District Court that bears the burden of ensuring that a defendant is acting voluntarily and with the appropriate knowledge before relinquishing his rights". Booker at 428 (quoting Peppers).

It is certainly a significant burden to grant the defendant a new trial which will consume judicial resources but such is the burden this court must suffer when Williams constitutional rights were compromised.

                                        Respectfully submitted

                                        /s/ Mark W. Catanzaro

                                        Mark W. Catanzaro

MWC/taw

cc:   Diana Vondra Carrig, AUSA (via ECF)
       Patrick Askin, AUSA (via ECF)
       Zachary Williams (via regular mail)